# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL NO.  1:03CV111
## (1:99CR75-2)

| | | |
|---|---|---|
| WAYNELY BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion

pursuant to Federal Rule of Civil Procedure 60(b) for relief from Judgment

and his motion pursuant to Rule 15(c)(2) to allow supplementation or

"relation back" to his initial motion pursuant to § 2255.  The motions are

denied.


## I.  PROCEDURAL HISTORY

In January 2000, Petitioner was convicted after jury trial of conspiring

to possess with intent to distribute cocaine and cocaine base in violation of

21 U.S.C. §§ 841(a)(1) and 846.  Petitioner was sentenced on January 26,

2001, to 240 months imprisonment.  His conviction and sentence were affirmed by the Fourth Circuit on direct appeal.  He did not petition the Supreme Court for a writ of *certiorari.*  ***United States v. Brown,*** **38 Fed. Appx. 133 (4ᵗʰ Cir. 2002).**  On August 19, 2003, the Petitioner's motion pursuant to 28 U.S.C. § 2255 was denied and the Fourth Circuit denied a certificate of appealability from that ruling and dismissed the appeal. ***Brown v. United States*,** **95 Fed. Appx. 13 (4ᵗʰ Cir.),** ***cert. denied*,** **543 U.S. 973 (2004).**

## II.  DISCUSSION

Petitioner moves for relief pursuant to Rule 60(b) which provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for . . . any . . . reason justifying relief from the operation of the judgment."  At issue, however, is whether this motion is actually one brought pursuant to Rule 60(b) or a second § 2255 motion.

> As amended by the AEDPA [Antiterrorism and Effective Death Penalty Act], § 2255 bars successive applications unless they contain claims relying on
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no

> reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> . . .
>
> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
>
> . . .
>
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

**United States v. Winestock, 340 F.3d 200, 204-05 (4th Cir.), *cert. denied*, 540 U.S. 955 (2003) (citations and footnotes omitted).** "The ultimate question here is whether [Petitioner's] motion for [relief] should [be] treated as a successive collateral review application." *Id*, at 203.

As previously noted, the Petitioner has already filed one motion pursuant to § 2255. Although styled as a Rule 60(b) motion, if this is, in reality, a motion pursuant to § 2255, the undersigned has no jurisdiction to entertain it unless it has been certified "by a panel of the appropriate court of appeals[.]" **28 U.S.C. § 2255.** Thus, if this motion is actually a successive petition, it must be presented in the first instance to the Fourth Circuit. ***Winestock*, *supra*, at 205 ("As a result of these modifications,**

**a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.").**

In support of this motion, the Petitioner argues that his sentence "exceeds the maximum punishment available in accordance with the "jury-made-findings." **Petitioner's Motion pursuant to Rule 60(b)(5)/(6), filed January 5, 2006, at 2.** He also states that his sentence is unconstitutional because the sentencing enhancements found by the Court were not presented to a jury and proven beyond a reasonable doubt. These are the same arguments made and rejected on direct appeal. ***Brown, supra*, at 134.** In addition to the *Apprendi*[1] arguments, Petitioner also cites to recent United States Supreme Court decisions in *Blakely v. Washington State*, 542 U.S. 296 (2004), and *Booker v. United States*, 543 U.S. 220 (2005), in support of his contentions.

In ruling on the Petitioner's initial § 2255 motion, the Court noted:

In the Judgment [in a Criminal Case, filed January 31, 2001], the undersigned specifically noted that the Guideline range of imprisonment of 324 to 405 months was trumped by *Apprendi v. New Jersey*, 530 U.S. 466 (2000).
. . .

_____

[1] ***Apprendi v. New Jersey*, 530 U.S. 466 (2000).**

Fourth Circuit precedent . . . allows the sentencing court to find
by a preponderance of the evidence the drug quantity
attributable to a defendant *provided that* the ultimate sentence
does not exceed 20 years.

>[Petitioner] appears to assert that *Apprendi* requires
>any drug quantity used to enhance his sentence to
>be charged in the indictment.  However, *Apprendi*
>applies only to sentences beyond the statutory
>maximum.  Because [Petitioner] was []sentenced to
>the 240-month statutory maximum sentence where
>no specific drug amount is charged under 21 U.S.C.
>§841(b)(1)(C) [], the indictment is not defective.  In
>addition, *Apprendi* does not apply to a judge's
>exercise of discretion within the statutory range.
>Thus, it was not error for the sentencing court to
>determine the drug amount attributable to
>[Petitioner].

**Memorandum and Opinion, filed August 19, 2003, at 2, 6-7 (quoting**

***United States v. Grin*, 64 Fed. Appx. 885, 886-87 (4th Cir. 2003) (citing**

***United States v. Pratt*, 239 F.3d 640, 648 (4th Cir. 2001) and *United***

***States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000)) (other citations**

**omitted)).**

Additionally, the Fourth Circuit specifically addressed the *Apprendi* issue in

the opinion affirming the Petitioner's conviction and sentence.

>Where a defendant is convicted of a drug charge, and his
>indictment is silent as to drug quantity, his sentence may not
>exceed twenty years incarceration.  Here, the district court
>properly sentenced Brown to twenty years incarceration, the
>maximum term of imprisonment permitted under § 841(b)(1).

**Brown, supra, at 134 (citing United States v. Angle, 254 F.3d 514, 518**

**(4th Cir.), cert. denied, 534 U.S. 937 (2001)).**

"In the absence of pre-filing authorization, the district court lacks

jurisdiction to consider an application containing abusive or repetitive

claims." **Winestock, supra.**

> [D]istrict courts *must* treat Rule 60(b) motions as successive
> collateral review applications when failing to do so would allow
> the applicant to evade the bar against relitigation of claims
> presented in a prior application or the bar against litigation of
> claims not presented in a prior application.
>
> . . .
>
> [This] holding raises the question of how to distinguish a proper
> Rule 60(b) motion from a "successive [application] in 60(b)'s
> clothing." There may be no infallible test for making this
> distinction, but a relatively straightforward guide is that a motion
> directly attacking the prisoner's conviction or sentence will
> usually amount to a successive application, while a motion
> seeking a remedy for some defect in the collateral review
> process will generally be deemed a proper motion to
> reconsider. Thus, a brand-new, free-standing allegation of
> constitutional error in the underlying criminal judgment will
> virtually always implicate the rules governing successive
> applications. Similarly, new legal arguments or proffers of
> additional evidence will usually signify that the prisoner is not
> seeking relief available under Rule 60(b) but is instead
> continuing his collateral attack on his conviction or sentence.

**Id., at 206-07 (quoting Lazo v. United States, 314 F.3d 571, 573 (11th**

**Cir. 2002)) (other internal citations and quotations omitted).** Here, the

Petitioner has raised mixed claims. To the extent he submits arguments

previously raised on appeal and in his § 2255, the motion to reconsider is denied. However, the Petitioner also raises new allegations of constitutional error and new legal arguments based on the recent Supreme Court decisions of *Blakely* and *Booker.* These are successive claims because they are based on new law which is not retroactively applicable to collateral attacks. ***Id.*; *Gitten v. United States*, 311 F.3d 529 (2d Cir. 2002); *Santiago v. United States*, 64 Fed. Appx. 281, 286 (2d Cir.), *cert. denied*, 540 U.S. 992 (2003) ("Santiago's [ ] claim was first raised in the District Court as part of his Rule 60(b) motion for reconsideration. . . . [A] Rule 60(b) motion that raises entirely new grounds for a collateral attack is indeed a successive habeas petition that requires leave to file from the Court of Appeals."); *United States v. Ray*, 4 Fed. Appx. 197 (4th Cir. 2001).** Therefore, Petitioner's claims are subject to the requirements for successive applications, that is, they must first be presented to the Fourth Circuit. As a result, the undersigned has no jurisdiction to entertain any of the claims presented.

Even if this Court were to grant the relief the Petitioner seeks, his claims under *Blakely* and *Booker* fail. In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi*

because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range.  However, *Blakely* does not apply retroactively to convictions that were final at the time it was decided.[2]  ***United States v. Price*, 400 F.3d 844 (10ᵗʰ Cir. 2005) (*Blakely* not retroactive to convictions that were final at time of decision); *Varela v. United States*, 400 F.3d 864 (11ᵗʰ Cir.), *cert. denied*, 126 S. Ct. 312 (2005) (same); *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9ᵗʰ Cir.), *cert. denied*, 126 S. Ct. 442 (2005) (same); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (same); *United States v. Marshall*, 117 Fed. Appx. 269 (4ᵗʰ Cir. 2004) (same).**  Furthermore, every circuit court which has addressed the issue of whether or not the ruling in *Booker* is retroactive to cases on collateral review has determined that it is not.  ***United States v. Morris*, 429 F.3d 65 (4ᵗʰ Cir. 2005) (Although *Booker* is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.); *United States v. Fowler*, 133 Fed. Appx. 922 (4ᵗʰ Cir. 2005)**

---

[2]Nor is the Petitioner's sentence above the Guidelines range or the statutory maximum.

**("Neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir.), *cert. denied*, 126 S. Ct. 288 (2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir.), *cert. denied*, 126 S. Ct. 731 (2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).**

Additionally, the Petitioner's proposed supplementations and relation back to the previous § 2255 contain the same claims as addressed *supra*. For the reasons cited above and the fact that the law is well settled regarding in the inapplicability of *Blakely* and *Booker* to those criminal cases that were final at the time they were decided, the motion pursuant to Rule 15(c)(2) is denied.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6) is hereby **DENIED** for lack of merit and, as to the remaining grounds, for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Petitioner's motion pursuant to Federal Rule of Civil Procedure 15(c)(2) is hereby **DENIED**.

Signed: March 1, 2006

Lacy H. Thornburg
United States District Judge